*Town of Granville et al. v. LoPrete*, No. 134-7-14 Ancv (Hoar, J., Oct. 13, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Addison Unit | CIVIL DIVISION<br>Docket No. 134-7-14 Ancv |

| | |
|---|---|
| Town of Granville,<br>Green Cow Corporation, Inc.,<br>    Plaintiffs<br><br>    v.<br><br>Joseph LoPrete,<br>    Defendant | |

### <u>DECISION ON MOTIONS FOR SUMMARY JUDGMENT</u>

This case comes before the court on cross-motions for summary judgment, following the court's earlier denial of a motion for summary judgment filed by Plaintiff the Town of Granville asking the court to confirm "Sabin Homestead Road" as an "ancient road." The issue before the court, then and now, is whether the road was properly established under the laws in effect at the time it was laid out, such that it could have been returned to the town highway map under 19 V.S.A. § 302(a)(6) and (7). In denying the Town's prior motion, the court determined that a question of fact remained as to whether the Town ever complied with one of the legal requirements for establishing a road, the recording of a certificate of opening. *Town of Granville v. LoPrete*, No. 134-7-14 (Vt. Super. March 10, 2016).

The parties now agree that this question can be decided on the written record before the court. They agree that there is no certificate of opening to be found. Defendant argues in effect that this disposes of the case, as the Town cannot demonstrate that a certificate ever existed, and thus that the road was properly established. The Town responds by asking that the court revisit its earlier determination that a certificate of opening must be shown to have been recorded, and arguing further that even if such recording was required, there is sufficient evidence, in the absence of an actual recorded certificate, to demonstrate compliance with that requirement. For the reasons set forth below, the court denies Mr. LoPrete's motion and grants the Town's motion.

## BACKGROUND

"Sabin Homestead Road" in Granville is what has become known as an "ancient road"—what the legislature has since more prosaically termed an "unidentified corridor." To lay to rest concerns raised by the existence of "ancient roads" throughout the state, in 2005 the legislature enacted 19 V.S.A. § 302(a)(6) and (7). Acting pursuant to this legislation, on December 7, 2009, the Town of Granville Selectboard adopted recommendations to add "Sabin Homestead Road" back to the official town highway map. The Vermont Agency of Transportation then returned the road to the official town map.

"Sabin Homestead Road" was purportedly established in 1850 and was never discontinued. It appeared on town highway maps from 1857 and 1871 but not on any later town maps. "Sabin Homestead Road" crosses Mr. LoPrete's land for about 100 feet. Mr. LoPrete received notice that the road would be returned to the town highway system, but did not attend any hearings or offer comment. He subsequently blocked the right-of-way with a storage container.

This case began when the Town filed a complaint asking the court to declare "Sabin Homestead Road" an official town highway. The Town then filed a motion for summary judgment. The undisputed facts on that motion—which facts remain undisputed for the purposes of the present motions—established that in 1850 the selectboard took official action to lay out the road and that they created and recorded a survey. The Town thus established that it had met two of the three requirements for establishment of a road in 1850. The court denied summary judgment, however, based on the Town's failure to demonstrate that it had met the third requirement—that in connection with the creation of the road, the Town had filed a certificate of opening. *Town of Granville v. LoPrete*, No. 134-7-14 (Vt. Super. March 10, 2016).

The parties have now filed cross-motions for summary judgment. Mr. LoPrete asks the court to determine that on the available evidence, the Town cannot meet its burden of demonstrating that a certificate of opening was recorded. In response, the Town argues, again, that the legislature has eliminated the requirement of a certificate of opening; it argues further that if proof of a certificate of opening is required, it has sufficient evidence to meet that burden.

That evidence, which Mr. Loprete does not dispute, comes in the form of two affidavits. One affidavit is by Kathy Werner, the current Granville Town Clerk. She states that prior to the 1960s the Granville town records were kept in private homes and in various locations around town and were frequently moved. She writes that she has never seen a certificate of opening for any road in Granville; she opines, on a competent foundation, that the certificates were contained in volumes of records that have been lost.

The other affidavit is by Norm Arseneault, the current Chair of the Town of Granville Selectboard and the former Chair of the Granville Ancient Roads Committee. Mr. Arseneault states that from May 2008 to September 2009 he looked through all of the Town's available records relating to roads. In the course of that research, he found evidence of actions of the selectboard in laying out roads, and surveys reflecting those actions, but did not find any certificates of opening for roads established between 1790 and 1877. He did find three certificates of opening for roads established following that period. Each of those certificates, though, reflected a change in status rather than a road opening. Based on his careful and exhaustive research, Mr. Arseneault observed that "the evidence is that the prior Selectboards of Granville prior to 1877 were thoughtful, lawful, and punctilious about town procedure. All remaining evidence, particularly concerning roads, shows that the Board knew the law for establishing a road, followed the proper procedure, and kept accurate records." This assertion is unchallenged, either in its conclusion or in the detail that supports it. Mr. Arseneault therefore opines, on a more than competent foundation, that the original certificates of opening were all bound together in volumes that have been lost or destroyed. Like Ms. Werner, Mr. Arseneault believes that the Town's certificates of opening have been lost due to their having been stored in private homes and frequently moved. He also believes that the records may have been purged in 1880, when certificates of opening were no longer required.

## ANALYSIS

Two questions remain in this case. The Town argues that the legislature has eliminated any requirement that it prove that a certificate of opening was filed. Mr. LoPrete argues that without the actual certificate, the Town has failed in this case to make such proof. The court must therefore decide first whether the Town must produce a certificate of completion and second, if not, what further evidence, if any, is required to meet its burden of establishing that "Sabin Homestead Road" was "laid out as [a highway] by proper authority through the process provided by law at the time [it was] created," as required by 19 V.S.A. § 302(a)(6). As noted above, both parties agree that the case can be decided on the evidence described above.

The legislature has made clear that proof of proper establishment of a highway can be made without a certificate of completion. 19 V.S.A. § 717(a). That statute expressly provides, "The lack of a certificate of completion of a highway shall not alone constitute conclusive evidence that a highway is not public." *Id.* This language could not be more clear in its rejection of the notion that without an actual certificate of completion, a town cannot prove the existence of a public highway of any kind.

Neither, however, does the statute in any way relieve a town of its burden under

§ 302(a)(6). The Town would, in effect, construe § 717(a) as somehow modifying § 302(a)(6)'s requirement of proof that a highway was "laid out as [a highway] by proper authority through the process provided by law at the time [it was] created." That construction is conclusively refuted by the observation that § 717(a) was enacted five years before § 302(a)(6). Presumably, though, when it enacted § 302(a)(6), the legislature was mindful of its earlier enactment of § 717(a); indeed, in the same act that added § 302(a)(6) & (7), the legislature recast § 717 as § 717(a) and added § 717(b) & (c). Thus, it is reasonable to read into § 302(a)(6) the notion that proof of compliance with the law in effect at the time of creation of the road's creation is still required, but could be made without an actual certificate of opening.

In *Kirkland v. Kolodziej*, the Supreme Court made clear that proof of such compliance can be made by parol evidence. 2015 VT 90, ¶ 28, 199 Vt. 606. Clearly, the official record is the best evidence; "without evidence of destruction or some other inaccessibility," it should be produced. *Id.*, ¶ 27 (citing *Bacon v. Boston & Maine R.R.*, 83 Vt. 421, 433, 76 A. 128, 134 (1910)). The *Kirkland* Court made clear, however, that "parol evidence may be admissible in the form of an actual action of the selectboard or surveyor if the proponent of the public nature of the road can show that the record of the action once existed but is no longer available." *Id.*, ¶ 28. In this case, there is no extant official record, at least as to the recording of a certificate of opening. There is, however, sufficient evidence of "destruction or some other inaccessibility," in the form of the evidence of both Ms. Werner and Mr. Arseneault, This evidence is unrebutted, and so meets the Town's burden in this regard. The question, then is whether there is sufficient parol evidence to support the finding, by a preponderance of the evidence, that a certificate of opening was created and recorded.

Here, there is evidence, unrebutted, of the actual action of the selectboard in 1850 in laying out Sabin Homestead Road, and of the recording of an official survey in the town clerk's office. *See* Affidavit of Norman Arsenault, ¶¶ 8, 15-16, and Exhibit 1. There is also evidence, in the form of maps attached to the Arsenault affidavit, of the actual existence of the road and its use by the public. Further, the evidence summarized by Mr. Arsenault supports an inference that at the time that it laid out the road, the selectboard knew what it was about and followed proper procedure.[1] Finally, there is no evidence of discontinuance. This circumstantial evidence, along

---

[1] This is more than a bare presumption of regularity. *Cf. Bacon*, 83 Vt. at 434, 76 A. at 134 ("Where the regularity of an official act is dependent upon some coexisting or pre-existing act or fact, the doing of such act or existence of such fact is presumed."). The Town does not rely exclusively on coexisting or pre-existing acts—the selectboard's official action to lay out the road or the creation and recording of a survey—to find that the certificate of completion was created. Instead, the Town provides the requisite, competent, and unrebutted "circumstantial evidence that the records showing compliance with the statutory elements" existed and "evidence explaining why they were not found in the town office," Defendant's Opposition at 4 (citing *Kirkland*, 2015 VT 90, ¶ 23), plus additional circumstantial evidence supporting the inference that a certificate was created and recorded.

with the explanations provided by Ms. Werner and Mr. Arsenault for the inability to locate an actual certificate of opening in the town records, amply supports the finding, by a preponderance of the evidence, that a certificate of opening was in fact created and recorded, but has since been lost or destroyed.

## **ORDER**

The undisputed facts, on the current motions and the Town's prior motion, amply support the conclusion that in establishing Sabin Homestead Road, the Town followed all requirements of the 1850 highway creation statute. There being no other challenge to the Town's more recent action returning the road to the town highway map, Mr. LoPrete's motion for summary judgment is **denied**, and the Town of Granville's motion for summary judgment is **granted**. The court hereby declares that Sabin Homestead Road, also known as Town Highway #29, is an existing town highway and public road. Plaintiffs shall advise the court within thirty days of the date of this decision if they seek any further relief, as pleaded in their Complaint. Failing such notice, all remaining claims will be dismissed.

Electronically signed on October 13, 2016 at 05:16 PM pursuant to V.R.E.F. 7(d).


_____
Samuel Hoar, Jr.
Superior Court Judge